

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

November 1, 2014

**By ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Randolph v. Port Authority, et al.*, 14 CV 5476 (BMC)

Your Honor:

      I represent plaintiff in the above-referenced matter. I write pursuant to the Court's instruction at the initial conference held yesterday to address the viability of plaintiff's claim for the alleged denial of his right to a fair trial. Counsel's research confirms that plaintiff has a good faith basis to assert this claim, notwithstanding that plaintiff's charges were adjourned in contemplation of dismissal prior to trial.

      A close reading of the case mentioned by the Court, *Anaba v. Cnty. of Suffolk*, 11-CV-1987 (ADS), 2014 WL 1411770 (E.D.N.Y. Apr. 11, 2014), reveals that Magistrate Brown's *sua sponte* dismissal of plaintiff Gibrine Anaba's claims in that case turned on a merits decision in a prior proceeding, and the *Anaba* court's treatment of the denial of fair trial claim was brief, with a citation to two cases only: *Fudge v. The Phoenicia Times,* 09-CV-0301 (TJM), 2009 WL 2568576 (N.D.N.Y Aug. 19, 2009) and *Schiavone Constr. Co. v. Merola*, 678 F.Supp. 64 (S.D.N.Y. 1988), *aff'd*, 848 F.2d 43 (2d Cir. 1988). Neither *Fudge* nor *Schiavone* dealt with the fabrication of evidence by police officers; both cases involved the alleged harm caused by prejudicial pre-trial publicity. *Fudge*, 2014 WL 2568576 at * 2 (citing *Schiavone*); *Schiavone*, 678 F.Supp. at 65.

      The cases in the Second Circuit addressing the type of claim presented here – in which plaintiff asserts that his constitutional right to a fair trial was abridged by a police officer's forwarding of false material information to prosecutors – support the viability of the claim where the plaintiff did not stand trial. As the Honorable Roslynn R. Mauskopf recently explained in *Apostol v. City of New York*:

> Plaintiffs claim that defendants fabricated evidence of marijuana possession and that, as a result, each plaintiff

spent close to twenty hours in custody. "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997). "Like a prosecutor's knowing use of false evidence to obtain a tainted conviction, a police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable corruption of the truth-seeking function of the trial process." *Id.* (internal quotation marks omitted). To prevail on a claim for denial of the right to a fair trial, a plaintiff must show that "(1) [an] investigating official (2) fabricate[d] evidence (3) that [wa]s likely to influence a jury's decision, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of liberty as a result." *Jovanovic v. City of New York,* 486 F. App'x 149, 152 (2d Cir. 2012); *see also Keller v. Sobolewski,* No. 10 CV 5198, 2012 WL 4863228, at *4 (E.D.N.Y. Oct. 12, 2012) ("The harm suffered by an individual bringing a deprivation of the right to a fair trial claim is the 'deprivation of liberty' that occurs 'because of the fabrication.'") (quoting *Zahrey v. Coffey,* 221 F.3d 342, 348 (2d Cir. 2000)).

As an initial matter, courts in this Circuit, in cases squarely on point, have ruled that a plaintiff's accepting an ACD does not preclude a fair trial claim. *See Keller,* 2012 WL 4863228, at *4-5 ("[N]o precedent exists, in this circuit or otherwise, for dismissing a § 1983 claim for deprivation of the right to a fair trial in light of a plaintiff's acceptance of an ACD."); *Dowling v. City of New York,* No. 11 CV 4954, 2013 WL 5502867, at *7 (E.D.N.Y. Sept. 30, 2013) ("Plaintiff's twenty-four hours in jail, culminating, like [the plaintiff in *Keller*] in adjournment in contemplation of dismissal, is similar enough to warrant a finding that he was deprived of his liberty."). This Court finds, in accordance with *Keller* and *Dowling,* that plaintiffs' accepting ACDs does not preclude their fair trial claims.

11-CV-3851 (RRM) 2014 WL 1271201, *5 (E.D.N.Y. Mar. 26, 2014) (footnote omitted); *see also Baez v. Jet Blue Airways*, 2009 WL 2447990, at * 8 (E.D.N.Y. July 29, 2009) ("A plaintiff need not show that she was convicted or that a trial took place."); *Johnson v. City of New York*, 2010 WL 2771834, *11 (E.D.N.Y. 2010) (same); *Zahrey v. City of New York*, 2009 WL 1024261, *8 (S.D.N.Y. 2009) ("in this circuit, such a section 1983 action for a violation of the right to 'fair trial' would apparently lie even if a criminal defendant's charges were dismissed *prior to trial*.") (emphasis added); *Schiller v. City of New York*, 2008 WL 200021, *10 (S.D.N.Y. 2008) ("Furthermore, it does not seem that trial is a prerequisite to such a claim. Indeed, the plaintiffs in *Ricciuti* were not tried; the charges against them were dismissed after a number of adjournments."); *Canario v. City of New York,* 2006 WL 2015651, at *2-4 (S.D.N.Y. July 12, 2006) (stating that fair trial claim is available where charges were dismissed without trial).

In light of the cases cited above, plaintiff respectfully submits that he has a good faith basis to assert a claim in this action for the denial of his right to a fair trial in the underlying criminal proceeding.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc: Thomas Brophy, Esq.